IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Nupetco Associates, LLC, | ) | PER CURIAM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20110931-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (March 1, 2012) |
| Cari Allen, | ) | |
| | ) | 2012 UT App 65 |
| Defendant and Appellant. | ) | |

-----

Third District, Salt Lake Department, 080904326
The Honorable Sandra N. Peuler

Attorneys:      Cari Allen, Centerville, Appellant Pro Se
                James C. Swindler, Salt Lake City, for Appellee

-----

Before Judges McHugh, Voros, and Orme.

¶1     Cari Allen appeals the district court's denial of her motion to set aside the judgment under rule 60(b) of the Utah Rules of Civil Procedure. This matter is before the court on Nupetco Associates, LLC's motion for summary disposition on the basis that the grounds for review are so insubstantial as not to merit further proceedings and consideration by the court.

¶2     Nupetco initiated a lawsuit against Allen concerning several promissory notes signed by Allen. During the course of the lawsuit, Allen argued that a settlement agreement between the bankruptcy trustee for Log Furniture, Inc., another party to the notes, and Nupetco constituted full satisfaction and payment of the notes and released her from liability. The settlement agreement had been approved by the bankruptcy court. The district court disagreed and entered a judgment against Allen in the amount

of $187,774.66 plus interest.  Allen did not appeal the judgment.  Instead, Allen filed a motion pursuant to rule 60(b) of the Utah Rules of Civil Procedure for relief from the judgment.  In her motion Allen argued that the district court lacked jurisdiction and that the judgment was void because only the bankruptcy court had jurisdiction to interpret the settlement agreement.  The district court denied the motion.

¶3      On appeal, Allen argues that the district court erred in denying her rule 60(b) motion because the bankruptcy court had exclusive jurisdiction to interpret the settlement agreement.  The district court did not err.  The United States Code sets forth that "the [federal] district courts shall have original and exclusive jurisdiction of all cases under title 11," i.e., the bankruptcy code.  However, in cases merely "arising in or related to cases under title 11," the federal district courts have "original *but not exclusive jurisdiction*."  28 U.S.C. § 1334 (emphasis added).  Thus, the bankruptcy court does not have exclusive jurisdiction over actions that are ancillary to bankruptcy cases.  As a result, state courts of general jurisdiction may have jurisdiction over cases "arising in or related to" bankruptcy proceedings.  Therefore, because this case was not a bankruptcy case, but was related to a bankruptcy action, the district court had jurisdiction to adjudicate the dispute as between Allen and Nupetco, neither of whom had sought protection in bankruptcy court.

¶4      Therefore, because the district court had jurisdiction to interpret the terms of the settlement agreement, the district court did not err in denying Allen's motion for relief from judgment.  Affirmed.


_____

Carolyn B. McHugh,
Presiding Judge


_____

J. Frederic Voros Jr.,
Associate Presiding Judge


_____

Gregory K. Orme, Judge